1999 ME 154

**Estate of Antonio DiMILLO**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 1999.
Decided Oct. 28, 1999.

Kurt E. Olafsen, (orally), Olafsen & Butterworth, Portland, for plaintiff.

Andrew Ketterer, Attorney General, Crombie J.D. Garrett, Asst. Atty. General, (orally), Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, SAUFLEY, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] The Estate of Antonio DiMillo[1] appeals from a summary judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) which determined that a "new hull structure" fabricated at Bath Iron Works (BIW) and attached to DiMillo's Restaurant was tangible personal property subject to use tax pursuant to 36 M.R.S.A. § 1861. The DiMillo Estate contends that labor required to fabricate the hull structure at BIW was not tangible personal property subject to taxation.

[¶ 2] Imposition of the tax was challenged pursuant to 36 M.R.S.A. § 151 which requires the trial court to decide taxability issues *"de novo."* *See Apex Custom Lease Corp. v. State Tax Assessor,* 677 A.2d 530, 532 (Me.1996). As there are no disputes as to material facts in this case, the matter was appropriately presented and decided on summary judgment. *Id.* We affirm the judgment.

[¶ 3] DiMillo's is a floating restaurant on the Portland Waterfront created from a former ferry boat. In 1993, Antonio DiMillo determined that repair of the hull of his restaurant was necessary. In coopera-tion with a marine architect and BIW, DiMillo determined that the most efficient method of repair would be prefabrication of a "new hull structure" and attachment of that structure to the restaurant's existing hull. That repair was accomplished. Subsequently, a dispute developed between DiMillo and the State Tax Assessor over whether the $256,168 cost of prefabricating the new hull structure was taxable as part of the tangible personal property cost of the structure. Although originally disputed, the State Tax Assessor does not now contend that the separate $233,832 cost of attaching the new hull structure to the existing hull was taxable.

[¶ 4] Tangible personal property is taxable pursuant to 36 M.R.S.A. § 1861 which makes any item of "tangible personal property" taxable if it would be subject to tax under 36 M.R.S.A. § 1764 (casual sales) or § 1811 (sales). There is no real dispute that the hull structure is tangible personal property. The question in dispute is whether the cost of fabrication of the hull structure is exempted from the definition of sale price because it is a "price received for labor or services used in installing or applying or repairing the property sold or fabricated, if separately charged or stated." 36 M.R.S.A. § 1752(14)(B)(4). The DiMillo Estate contends that all of the fabrication labor was performed incident to a repair. However, the Superior Court correctly determined that the labor incident to fabrication of the new hull structure was an element in the cost of that item of tangible personal property which was then used in the repair of the restaurant. Thus, the fabrication costs for the new hull structure are taxable.

The entry is:

Judgment affirmed.

1. Mr. DiMillo died during the course of this appeal. His estate is substituted as the plain-tiff/appellant in this matter.